# ENCLOSED ARE THREE LAWSUITS / SUMMONS TO BE SERVED AS FOLLOWS

(1) Complaint/Summons for **LVNV Funding LLC** and **Resurgent Capital Services, Inc.** for *Kellam v. LVNV Funding, LLC et al.*, No. 1:24-cv-00039-GLR (D. Md.)

(2) Complaint/Summons for **Trans Union LLC** for *Smith v. Wells Fargo Bank*, No. C-16-CV-23005909 (P.G Cir. Ct)

(3) Complaint/Summons for **Equifax Info. Services, LLC** for *Smith v. Wells Fargo Bank*, No. C-16-CV-23005909 (P.G Cir. Ct.)

(4) Complaint/Summons for **Jefferson Capital Systems, LLC** for *Smith v. Wells Fargo Bank*, No. C-16-CV-23005909 (P.G Cir. Ct.)

(5) Complaint/Summons for **Enhanced Recovery Company, LLC** for *Smith v. Wells Fargo Bank*, No. C-16-CV-23005909 (P.G Cir. Ct.)

(6) Complaint/Summons for **Credit Acceptance Corporation** for *Smith v. Wells Fargo Bank*, No. C-16-CV-23005909 (P.G Cir. Ct.)

(7) Complaint/Summons for **Wells Fargo Bank** for *Smith v. Wells Fargo Bank*, No. C-16-CV-23005909 (P.G Cir. Ct.)

# PRINCE GEORGE'S COUNTY, MD
# Circuit Court

**CHERELLE SMITH**
7009 Foster Street
District Heights, MD 20747

Case No. C-16-CV-23005909

    Plaintiff,

v.

**Wells Fargo Bank, National Association**
Serve: CSC-Lawyers Incorporating Service Company
       7 Saint Paul Street, Suite 820
       Baltimore, Maryland 21202

**Ally Financial Inc.**
Serve: The Corporation Trust, Incorporated
       2405 York Road, Suite 201
       Lutherville Timonium, MD 21093

**Credit Acceptance Corporation**
Serve: CSC-Lawyers Incorporating Service Company
       7 Saint Paul Street, Suite 820
       Baltimore, Maryland 21202

**Self Financial, Inc. d/b/a Lead Bank**
Serve: Cogency Global Inc.
       1601 Elm St, Suite 4360
       Dallas, TX 75201

**Enhanced Recovery Company, LLC**
Serve: CSC-Lawyers Incorporating Service Company
       7 Saint Paul Street, Suite 820
       Baltimore, Maryland 21202

**Jefferson Capital Systems, LLC**
Serve: CSC-Lawyers Incorporating Service Company
       7 Saint Paul Street, Suite 820
       Baltimore, Maryland 21202

**Equifax Information Services, Llc**
Serve: CSC-Lawyers Incorporating Service Company
       7 St. Paul Street, Suite 820
       Baltimore, MD 21202

**PRINCE GEORGE'S COUNTY, MD**

**Circuit Court**

**JUDICIAL BRANCH - COURTS**

**Experian Information Solutions, Inc**
Serve: The Corporation Trust, Incorporated
   7 Saint Paul Street, Suite 820
   Baltimore, Maryland 21201-7912

**Trans Union, LLC**
Serve: CSC-Lawyers Incorp Srvc Co
   7 St. Paul Street, Suite 820
   Baltimore, MD 21202

   Defendants.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Cherrelle Smith, sues the Defendants and in support of his suit she alleges:

### PRELIMINARY STATEMENT

1. The Defendants have defamed the Plaintiff and violated the state and federal consumer protection laws, including the Fair Debt Collection Practices Act ("FDCPA"), Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Consumer Protection Act ("MCPA"), and Fair Credit Reporting Act ("FCRA").

### PARTIES TO ACTION

2. Plaintiff is a natural person residing in the state of Maryland.

3. Wells Fargo Bank, National Association ("Wells Fargo") is one of the largest banks in the United States and among other financial products, it provides personal credit cards.

4. Ally Financial Inc. ("Ally") is a lender that offers financing for automobiles.

5. Credit Acceptance Corporation ("CAC") is a lender that finances vehicle loans.

6. Self Financial, Inc. d/b/a Lead Bank ("Self") offers financial and credit products to consumers that need to build their credit and savings.

2



7. Enhanced Recovery Company, LLC ("ERC") is in the business of contacting consumers to collect consumer debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

8. Jefferson Capital Systems, LLC ("JCS") is in the business of contacting consumers to collect consumer debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

9. Equifax is a consumer reporting agency ("CRA") as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

10. Experian is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

11. Trans Union is a CRA as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## FACTUAL ALLEGATIONS

12. Plaintiff's credit reports contain several inaccuracies.

13. The furnishers for those inaccuracies are Wells Fargo, Self, ERC and JCS.

14. Both the CRAs and the furnishers have been made aware of the inaccuracies from the dispute letters that Ms. Smith has submitted.

15. **The ERC collection is a cell phone bill from AT&T in the amount of $5,765.**

16. Ms. Smith has never had a cell phone bill with AT&T in that amount.

17. AT&T has never claimed that Ms. Smith owes any amount close to $5,765.

18. ERC has not purchased a debt from AT&T that is owed by Ms. Smith

3



**PRINCE GEORGE'S COUNTY, MD**
# Circuit Court

19. Ms. Smith does not owe any money to ERC.

20. Ms. Smith disputed the debt with the CRAs.

21. In order to reasonably investigate Ms. Smith's dispute, the CRAs needed to contact AT&T to verify the amount.

22. The CRAs did not contact AT&T.

23. Instead, the CRAs asked ERC to investigate the dispute.

24. From prior experience, the CRAs know that ERC provides false information and does not conduct reasonable investigations of disputes that the CRAs forward to them.

25. In fact, ERC is so unreliable that ERC has publicly announced that it will no longer services accounts and will request that all accounts that it is reporting to the CRAs be deleted.

**26. The <u>JCS collection</u> is a debt with Walmart.**

27. The account number listed on the credit reports does not correspond to any account that Ms. Smith has with Walmart.

28. Walmart has not notified Ms. Smith that it has sold or assigned her account.

29. JCS has not purchased a debt from Walmart that is owed by Ms. Smith

30. Ms. Smith does not owe any money to JCS.

31. Ms. Smith disputed the JCS debt with the CRAs.

32. In her dispute letter she asked the CRAs to contact Walmart to investigate the amount and account number to verify whether the information matches with the collection that JCS is reporting.

4



**PRINCE GEORGE'S COUNTY, MD**
# Circuit Court

33. In order to reasonably investigate Ms. Smith's dispute, the CRAs needed to contact Walmart to verify the amount and account number.

34. The CRAs did not contact Walmart.

35. Instead, the CRAs asked JCS to investigate the dispute.

36. From prior experience, the CRAs know that JCS provides false information and does not conduct reasonable investigations of disputes that the CRAs forward to them.

37. JCS did not possess the information or knowledge needed to verify the information being disputed by Ms. Smith was accurate and/or complete.

**38. The Self tradeline is a secured card with a balance of $109.**

39. Ms. Smith does not owe $109 for the secured card.

40. Ms. Smith disputed this debt with the CRAs.

41. A reasonable investigation would have revealed that Ms. Smith did owe a balance.

42. The CRAs did not conduct a reasonable investigation.

43. In fact, the CRAs did not do any investigation of the Plaintiff's dispute.

44. Instead of doing an investigation, the CRAs asked Self to investigate the dispute.

45. Self received the dispute but did not do a reasonable investigation.

46. Had Self done a reasonable investigation, then Self would have accessed its records and determined Ms. Smith did not owe a balance.

47. However, Self did a quick, cursory and sloppy investigation that was limited to Self just checking the same computer that contained the information that was source of the discrepancy.



**PRINCE GEORGE'S COUNTY, MD**
# Circuit Court

48. In other words, Self merely made sure that the report matched the information in the computer and did not make sure that the information in the computer was accurate.

49. Although Self did not investigate the accuracy of the information that was the subject of the dispute, Self told the CRAs that it had verified the accuracy of the disputed information.

50. From prior experience, the CRAs knew Self had not actually verified the accuracy of the disputed information but accepted Self's false representations anyway without doing any evaluation of Self's response.

51. **The Wells Fargo tradeline is a secured card with a balance of $113.**

52. Ms. Smith does not owe $113 for the secured card.

53. Ms. Smith disputed this debt with the CRAs.

54. A reasonable investigation would have revealed that Ms. Smith did owe a balance.

55. The CRAs did not conduct a reasonable investigation.

56. In fact, the CRAs did not do any investigation of the Plaintiff's dispute.

57. Instead of investigating the dispute, the CRAs asked Wells Fargo to investigate it.

58. Wells Fargo received the dispute but did not do a reasonable investigation.

59. Had Wells Fargo done a reasonable investigation, then Wells Fargo would have accessed its records and determined Ms. Smith did not owe a balance.

60. However, Wells Fargo processed Ms. Smith's dispute by doing a quick, cursory and sloppy investigation that limited Wells Fargo to checking the same computer that contained the information that was the source of the discrepancy.



**PRINCE GEORGE'S COUNTY, MD**
# Circuit Court

61. In other words, Wells Fargo merely made sure that the credit reports matched the information stored in the computer database for the credit reporting and did not check its' other databases to make sure the disputed information in the credit database was accurate or complete.

62. Although Wells Fargo did not investigate the accuracy of the information that was the subject of the dispute, Wells Fargo conveyed to the CRAs that it had verified the accuracy of the disputed information.

63. From prior experience, the CRAs knew Wells Fargo had not actually verified the accuracy of the disputed information but accepted Wells Fargo's false representations anyway without doing any evaluation of Wells Fargo's response.

64. **On all three credit reports were several hard inquiries on September 6, 2023.**

65. There should have only been no more than two hard inquiries on Ms. Smith's credit report for September 6, 2023.

66. Ms. Smith disputed the hard inquiries with all three CRAs.

67. None of the CRAs forwarded Ms. Smith's dispute to the furnisher.

68. Nor did any of the CRAs investigate Ms. Smith's dispute.

69. The CRAs took the position that all inquiries are legitimate and that any dispute should be taken up with the company that did the inquiry.

70. Two of the companies that did the inquiry were Ally and CAC.

71. Both companies made several inquiries for Ms. Smith's credit reports, including soft and hard inquiries, on September 6, 2023. Ally and CAC.

72. At most, each company was entitled to one hard inquiry.



**PRINCE GEORGE'S COUNTY, MD Circuit Court**

73. Ally and CAC knew they were not authorized to obtain more than one credit report but falsely represented to the CRAs that Ms. Smith had authorized several inquiries.

74. The CRAs should have known that Ally and CAC were making false representations because they have made such illegal inquiries in the past.

75. Although Ally and CAC routinely make false representations to the CRAs, the CRAs have not changed their procedures or implemented any new procedures to prevent the unauthorize dissemination of credit reports.

76. **On October 25, 2023, Ms. Smith requested her credit reports from the CRAs.**

77. Ms. Smith made her request via www.annualcreditreport.com

78. Only Experian provided Ms. Smith with her credit report.

79. Both Trans Union and Equifax refused to provide Ms. Smith with her credit report.

80. Both Trans Union and Equifax received sufficient information to furnish Ms. Smith with her credit reports just as Experian did but deliberately chose not to.

### COUNT ONE: VIOLATIONS OF FDCPA
### (as to defendants ERC and JCS)

81. Plaintiff incorporates paragraphs 12 through 37.

82. Defendant ERC and JCS violated 15 U.S.C. § 1692e by misrepresenting the amount owed, falsely representing that it obtained a right to collect a debt from Plaintiff, and reporting false information to the CRAs that they knew was false.

83. As a result of Defendants' foregoing violations, Plaintiff suffered actual damages including but not limited to pecuniary costs and/or expenses, damage to credit and financial profile or reputation, humiliation and other emotional distress.



**PRINCE GEORGE'S COUNTY, MD Circuit Court**

84. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering them liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT TWO: VIOLATIONS OF MCDCA
(as to defendants ERC and JCS)

85. Plaintiff incorporates paragraphs 81 - 84.

86. Defendants ERC and JCS violated Md. Code Ann., Com Law § 14-202(11) by violating the FDCPA as described in paragraph 82.

87. As a result of Defendants' foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

88. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages pursuant to Com Law § 14-203.

### COUNT THREE: VIOLATION(S) OF MCPA
(as to defendants ERC and JCS)

89. Plaintiff incorporates paragraphs 85 - 88.

90. Defendants ERC and JCS violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) by violating the MCDCA as described in paragraphs 86.

91. As a result of Defendants' foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

92. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages and attorney's fee pursuant to Com Law §§ 13-408(a)-(b).



**PRINCE GEORGE'S COUNTY, MD**
# Circuit Court

### COUNT FOUR: VIOLATION(S) OF FCRA

93. Plaintiff incorporates paragraphs 1 through 60.

94. Defendants Ally and CRC violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report for a purpose that is not authorized or permitted under the FCRA.

95. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures designed to avoid furnishing Plaintiff's credit report to Ally, CRC and other subscribers on September 6, 2023 for an impermissible purpose.

96. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. § 1681e(b) by furnishing Plaintiff's reports that contain inaccurate information that was the result of procedures that were not reasonably designed and/or employed to assure maximum accurate information.

97. Defendants Equifax and Trans Union violated 15 U.S.C. §1681g(a) by failing to furnish Plaintiff's credit report after receiving Plaintiff's request for his credit report.

98. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. § 1681i(a) by failing to forward Plaintiff's inquiry disputes to the furnishers, failing to conduct a reasonable investigation of Plaintiff's disputes and failing to make appropriate modifications or deletions to the disputed information.

99. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. § 1681i(c) by failing to add a statement of dispute following Plaintiff's disputes.

100. Defendants Wells Fargo, Self, ERC and JCS violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation and properly respond to Plaintiff's disputes.



**PRINCE GEORGE'S COUNTY, MD**
**Circuit Court**

101. The Defendants' failure to comply with their statutory obligations for responding to Plaintiff's disputes were the result of policies, practices, and procedures that they intentionally implemented to save money and increase their profits.

102. As a result of the Defendants' violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

103. The violations by Defendants were willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

104. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT FIVE: DEFAMATION
(as to defendants Wells Fargo and Self)

105. Plaintiff incorporates paragraphs 93 through 104.

106. Defendants furnish information regarding Plaintiff to the CRAs on a monthly basis.

107. The Defendants knew the CRAs would furnish credit reports containing their inaccurate information to third parties.

108. Defendants' reporting constituted defamatory statements as the reportings were injurious to Plaintiff's financial profile.

109. Defendants knew that their false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.



**PRINCE GEORGE'S COUNTY, MD**
# Circuit Court

110. Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to his financial reputation, loss of credit opportunity and emotional and mental distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

A. That the Court award actual damages in the amount of $100,000 or more;

B. That the Court statutory damages in the amount of $11,000 or more;

C. That the Court award maximum punitive damages for FCRA and defamation;

D. That the Court award costs and any reasonable attorneys' fees; and

E. That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

Cherelle Smith
Pro Se Plaintiff
7009 Foster Street
District Heights, MD 20747
Tel: (240) 716-0823
cherrelleferg08@gmail.com

O. Box 4624
er Marlboro, MD 20775

CERTIFIED MAIL
9589 0710 5270 1042 1415 36

Retail

U.S. POSTAGE PAID
FCM LG ENV
WASHINGTON, DC 20036
JAN 09, 2024
21202
$10.93
R2305M146250-72

RDC 99

CSC Lawyers Incorp
7 St Paul Street
Suite 820
Baltimore, MD 21202